In re Irving M. STILLMAN, M.D., Debtor.

Charles A. DOCTER, Trustee, Plaintiff,

v.

Dennis A. GLEICHER, M.D., Lewis B. Newberg, M.D. The Howard County Doctors' Building Limited Partnership, Defendants.

Bankruptcy No. 81–1–0964.

Adv. No. 82–0073A.

United States Bankruptcy Court, D. Maryland.

Jan. 13, 1983.

Marcia Docter, Kensington, Md., for trustee.

Harvey Lebowitz, Baltimore, Md., for defendants.

## MEMORANDUM OF OPINION

PAUL MANNES, Bankruptcy Judge.

On January 4, 1983, defendants, Dennis A. Gleicher, M.D., Lewis B. Newberg, M.D., and The Howard County Doctors' Building Limited Partnership, filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction. For the reasons set forth herein, the court has signed an order denying the motion. Defendants urge that the United States District Court for the District of Maryland likewise lacks subject matter jurisdiction. This court need not resolve that question and, therefore, does not address it in this opinion.

*Statement of the Case*

This is an action filed by Charles A. Docter, trustee of the estate of Irving M. Stillman, M.D., against Dennis A. Gleicher, M.D., Lewis B. Newberg, M.D., and The Howard County Doctors' Building Limited Partnership. The amended complaint recites that Drs. Stillman, Gleicher, and Newberg were general partners of The Howard County Doctors' Building Limited Partnership, each holding a 25% interest in the limited partnership as general partners. The sole asset of the partnership is said to be an office building located in Howard County, Maryland. The amended complaint further alleges that in August, 1978, Dr. Stillman owed $7,000.00 to the partnership for rent. The others each loaned him $3,500.00 which he endorsed to the partnership for the back rent. In addition, Dr. Stillman signed a Promissory Note and Security Agreement and a Financing Statement whereby he gave Drs. Gleicher and Newberg a security interest in his 25% share of the partnership as security for the $7,000.00 loan. Plaintiff alleges that the value of the 25% interest was $150,000.00 over and above the outstanding liens and encumberances.

On April 3, 1979, Drs. Gleicher and Newberg filed an amended partnership certificate purporting to forfeit Dr. Stillman's 25% interest as general partner. At that time, the interest was said to be worth $150,000.00. Plaintiff contends that the forfeiture did not comply with UCC § 9–505, Md.Com. Law Code Ann. § 9–505 (1975), and that § 9–505 did not apply to the transaction.

In Count I, the plaintiff/trustee seeks the redemption of Dr. Stillman's interest and the sale of the partnership property with remittance of the share of the debtor to the trustee. In the alternative, the trustee seeks the sale of the property and the distribution of Dr. Stillman's share to the trustee, minus any amounts due Drs. Gleicher and Newberg. In Count II, the trustee seeks a declaration that the transfer of Dr. Stillman's share to Drs. Gleicher and Newberg was a fraudulent conveyance under Md.Com.Law Code Ann. § 15–204 (1975) (The Maryland Uniform Fraudulent Conveyance Act).

*Defendants' Contentions*

Defendants argue:

"I. THIS COURT HAS NO SUBJECT MATTER JURISDICTION.

The Supreme Court of the United States, in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), held that the broad grant of jurisdiction to the bankruptcy courts set forth in 28 U.S.C. § 1471 (1976 ed., Supp. III) violates Article III of the Constitution. Although the Supreme Court stayed its judgment until December 24, 1982, to permit Congress to enact remedial legislation, Congress has taken no action to reconstitute the bankruptcy courts.

In *Marathon,* the debtor's complaint for breach of contract and misrepresentation was based solely on state law. 102 S.Ct. at 2878. Similarly, in the instant proceeding, the trustee's causes of action are derived entirely from state law. 102 S.Ct. at 2878. Similarly, in the instant proceeding, the trustee's causes of action are derived entirely from state law. Specifically, the trustee seeks in Count I of the amended complaint to redeem, and then to sell, collateral that was forfeited following the debtor's default under a security agreement. The trustee's cause of action under Count I is governed by Article 9 of the Uniform Commercial Code, as enacted in Maryland (Md. Com.Law Code Ann. § 9–101 *et seq.*) In Count II, the trustee seeks to avoid the forfeiture as a fraudulent conveyance, pursuant to Md.Com. Law Code Ann. § 15–204.

The Supreme Court held that, 'at the very least, the new bankruptcy judges cannot constitutionally be vested with the jurisdiction to decide this state-law contract claim . . . .' *Id.* 102 S.Ct. at 2880 n. 40. Both the plurality and the concurring justices agreed that the broad grant of authority to the bankruptcy courts to decide solely state law issues was not

readily severable from the remaining grant of authority. *See id., id.* 102 S.Ct. at 2882. As a result, the bankruptcy courts have no jurisdiction over any cases under title 11 of the United States Code, or civil proceedings arising under title 11 or arising in or related to cases under title 11. Accordingly, this Court has no subject matter jurisdiction over the adversary proceeding herein, and must dismiss the trustee's amended complaint."

## Conclusions of Law

Pursuant to the judgment of the Supreme Court in *Marathon, supra,* this court was divested of all jurisdiction granted it by § 241(a) of the Bankruptcy Act of 1978, Pub.L. 95–598, 92 Stat. 2549. This court would therefore be without jurisdiction to try any matter but for the fact that on December 20, 1982, the Judicial Council of the Fourth Circuit, acting pursuant to 28 U.S.C. § 332(d), directed the District Courts of the Fourth Circuit to adopt a model emergency resolution for the administration of the bankruptcy system in the circuit. That resolution was adopted on December 22, 1982, (and amended January 5, 1983, *nunc pro tunc*) by the Judges of the United States District Court for the District of Maryland in the independent exercise of their discretion as Local Rule No. 51–A.[1]

1. Local Rule 51–A(c) and (d) of the United States District Court for the District of Maryland, provides:

(c) Reference to Bankruptcy Judges

(1) All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district.

(2) The reference to a bankruptcy judge may be withdrawn by the district court at any time on its own motion or on timely motion by a party. A motion for withdrawal of reference shall not stay any bankruptcy matter pending before a bankruptcy judge unless a specific stay is issued by the district court. If a reference is withdrawn, the district court may retain the entire matter, may refer part of the matter back to the bankruptcy judge, or may refer the entire matter back to the bankruptcy judge with instructions specifying the powers and functions that the bankruptcy judge may exercise. Any matter in which the reference is withdrawn shall be reassigned to a district judge in accordance with the court's usual system for assigning civil cases.

(3) Referred cases and proceedings may be transferred in whole or in part between bankruptcy judges within the district without approval of a district judge.

(d) Powers of Bankruptcy Judges

(1) The bankruptcy judges may perform in referred bankruptcy cases and proceedings all acts and duties necessary for the handling of those cases and proceedings except that the bankruptcy judges may not conduct;

(A) a proceeding to enjoin a court:

(B) a proceeding to punish a criminal contempt—

(i) not committed in the bankruptcy judge's actual presence; or

(ii) warranting a punishment of imprisonment;

(C) an appeal from a judgment, order, decree, or decision of a United States bankruptcy judge; or

(D) jury trials.

Those matters which may not be performed by a bankruptcy judge shall be transferred to a district judge.

(2) Except as provided in (d)(3), orders and judgments of bankruptcy judges shall be effective upon entry by the Clerk of the Bankruptcy Court, unless stayed by the bankruptcy judge or district judge.

(3)(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate. Related proceedings do not include: contested and uncontested matters concerning the administration of the estate; allowance of and objection to claims against the estate; counterclaims by the estate in whatever amount against persons filing claims against the estate; orders in respect to obtaining credit; orders to turn over property of the estate; proceedings to set aside preferences and fraudulent conveyances; proceedings in respect to lifting of the automatic stay; proceedings to determine dischargeability of particular debts; proceedings to object to the discharge; proceedings in respect to the confirmation of plans; orders approving the sale of property where not arising from proceedings resulting from claims brought by the estate against parties who have not filed claims against the estate; and similar matters. A proceeding is not a related proceeding merely because the outcome will be affected by state law.

(B) In related proceedings the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to

Defendants would have this court declare the model rule unconstitutional as being inconsistent and in conflict with the holding of the Supreme Court in *Marathon*. This court declines to do so.

It is agreed among all commentators that the model rule is not the permanent remedy to the jurisdictional vacuum created by *Marathon*. At the Senate Hearings, National Conference on the Resolution of the Bankruptcy Crisis, held January 7, 1983, the draftsmen of the model rule and its proponents noted that the rule is a temporary, interim, stop-gap measure. It is not perfect, but it is a "band-aid" designed to facilitate the handling of the large majority of the cases filed under Title 11, the consumer no-asset liquidation bankruptcies. As was suggested at the conference by Judge Robert L. Ordin of the United States Bankruptcy Court for the Central District of California, the need of the public in the existing emergency is served best by making the rule work as well as it can until Congress acts. This court is committed to that effort. While it is true that the model rule has been the subject of criticism by the Department of Justice,[2] it would be an act

of judicial anarchy for this court not to follow a rule adopted unanimously by the judges of its appellate court. That rule must be given effect. *Cf. Mesa Farm Co. v. United States*, 475 F.2d 1004, 1007–1008 (9th Cir.1973); *see also, Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). Disobedience of the rule would be a dereliction of duty. Bankruptcy Act of 1978, Section 404(d) [making applicable Section 34 of the old Bankruptcy Act, 11 U.S.C. § 62 (1976) (Repealed 1978)].

An order will be entered in accordance with this opinion.

## ORDER DENYING MOTION TO DISMISS BASED UPON ALLEGED LACK OF SUBJECT MATTER JURISDICTION

Upon consideration of the motion to dismiss the trustee's amended complaint for lack of subject matter jurisdiction and the memorandum of law in support thereof filed herein by Dennis A. Gleicher, M.D., Lewis B. Newberg, M.D., and The Howard County Doctors' Building Limited Partnership, and for the reasons stated in open

---

the district judge, unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge.

2. Statement of Jonathan C. Rose, Assistant Attorney General, Office of Legal Policy before the Subcommittee on Courts, Committee on the Judiciary, United States Senate, concerning Omnibus Bankruptcy and Court Reform Legislation on November 10, 1982:

"The Administrative Office of the United States Courts has promulgated a proposed district court local rule to govern the operation of the bankruptcy courts after December 24 if no legislation is adopted. The proposed rule assigns to the bankruptcy courts in each district the district court's jurisdiction over '[a]ll cases under Title 11 and all civil proceedings arising in or related to cases under Title 11.' Proposed Rule (b)(1). District courts are authorized to withdraw any reference to a bankruptcy judge, in whole or part, upon the court's own motion or the motion of a party. *Id.,* (b)(2). In addition, the district courts must review *de novo* any proposed judgment of a bankruptcy court in any proceeding 'related to' but not 'arising under' a case under Title 11 and in any other proceeding where such *de novo* review is constitutionally required. *Id.,* (c)(3), (c)(5)(A)(iii), (c)(5)(B). However, the proposed rule does

not define those other cases in which district court *de novo* review is constitutionally required.

We are uncertain whether the proposed rule would withstand a judicial challenge. The proposed rule is based on the assumption that the Court's decision has left untouched the broad bankruptcy jurisdiction conferred upon the district courts by Section 241(a) of the Act, in 28 U.S.C. 1471(a) and (b). In fact, it is unclear whether the Court's holding may be limited in that fashion. *See* 102 S.Ct. at 2880 n. 40 (plurality opinion); *id.* 102 S.Ct. at 2882 (Rehnquist, J., concurring). Furthermore, there are serious questions whether the proposed rule legitimately may assign to the bankruptcy courts significant portions of the district courts' broad bankruptcy jurisdiction under the Act, since this is precisely what the Court refused to do in holding that the jurisdiction which the bankruptcy courts cannot constitutionally exercise could not be severed from the remainder of the jurisdiction conferred on the bankruptcy courts under the 1978 Act."

*See also,* Vern Countryman, Statement of National Bankruptcy Conference in Opposition to Proposed Judicial Conference Rule (1982).

court, and in accordance with the opinion filed today, it is, this 13th day of January, 1983, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the said motion filed January 4, 1983, be and hereby is, denied.